RE: CONFLICT OF INTEREST IN VOTING ON PAY ISSUES FOR STATE EMPLOYEES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR ADVICE REGARDING YOUR ABILITY TO VOTE UPON ISSUES INVOLVING THE COMPENSATION PAID TO STATE EMPLOYEES, GIVEN THE FACT THAT YOUR WIFE IS CURRENTLY AN EMPLOYEE OF THE DEPARTMENT OF HUMAN SERVICES. GIVEN THE SHORT TIME FRAME WITHIN WHICH SUCH ADVICE IS NEEDED BY YOU, A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT POSSIBLE. I HOPE THAT THIS INFORMAL LETTER WILL PROVIDE YOU WITH SUFFICIENT INFORMATION TO ASSIST YOU IN YOUR DECISION.
YOUR QUESTION IMPLICATES BOTH STATUTORY AND CONSTITUTIONAL PROVISIONS OF OKLAHOMA LAW. IN SHORT PREFACE, IT IS MY PERSONAL OPINION THAT YOU MAY VALIDLY VOTE ON GENERAL BILLS REGARDING PAY RAISES FOR STATE EMPLOYEES.
TITLE 74 O.S. 4246(A) (1987) IS PART OF THE CODE OF ETHICS FOR LEGISLATORS ADOPTED BY THE LEGISLATURE IN 1986. THAT SECTION PROVIDES, IN PERTINENT PART:
"NO LEGISLATOR SHALL:
 (A) INTRODUCE, PROMOTE OR VOTE FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION ON HIS OWN BEHALF, OR ON BEHALF OF ANY OTHER PERSON, CORPORATION, PARTNERSHIP, TRUST OR BUSINESS ENTITY WHICH DIRECTLY AFFECTS SUCH LEGISLATOR OR IN WHICH SUCH LEGISLATOR HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTERESTS OTHER THAN LEGISLATION AFFECTING LEGISLATIVE SALARIES, EXPENSES AND ALLOWANCES; PROVIDED THAT THIS PROVISION SHALL NOT PRECLUDE A LEGISLATOR FROM INTRODUCING. PROMOTING OR VOTING FOR ANY PROPOSED GENERAL LEGISLATION WHICH DIRECTLY AFFECTS HIM OR IN WHICH HE HAS OR MAY HAVE ANY SUBSTANTIAL FINANCIAL INTEREST;"
IT WOULD APPEAR FROM THE PLAIN LANGUAGE OF THIS STATUTE, TAKEN BY ITSELF, THAT THE TYPE OF VOTE THAT YOU REFER TO IN YOUR QUESTION WOULD BE THE TYPE OF GENERAL LEGISLATION CONTEMPLATED IN THIS STATUTE, AND, ACCORDINGLY, THAT YOUR PARTICIPATION THEREIN WOULD BE PERMISSIBLE. THIS STATUTE, IN A PREVIOUS CODIFICATION UNDER A DIFFERENT SECTION NUMBER IN THE OKLAHOMA STATUTES, WAS INTERPRETED BY THE ATTORNEY GENERAL AS NOT PROHIBITING A VOTE BY A LEGISLATOR WHICH DEALT GENERALLY WITH THE TEACHERS' RETIREMENT SYSTEM.
IN ATTORNEY GENERAL OPINION NO. 68-369, THE ATTORNEY GENERAL WAS ASKED IF A LEGISLATOR WHO WAS ALSO A RETIRED MEMBER OF THE TEACHER' RETIREMENT SYSTEM COULD VALIDLY VOTE UPON BILLS INTRODUCED WHICH AFFECTED THE SYSTEM. THE ADVICE TENDERED AT THAT TIME WAS THAT THE MERE FACT OF HIS RELATIONSHIP WITH THE SYSTEM WOULD NOT NECESSARILY PROHIBIT HIS VOTING UPON SUCH MEASURES. HOWEVER, THE ATTORNEY GENERAL ALSO ADVISED:
IT IS THE FURTHER OPINION OF THE ATTORNEY GENERAL THAT 74 O.S. 1409 (1968) CONSTITUTES AN ABSOLUTE PROHIBITION AGAINST A LEGISLATOR VOTING FOR ANY PROPOSED SPECIAL INTEREST LEGISLATION WHICH DIRECTLY AFFECTS HIM OR IN WHICH HE HAS, OR MAY HAVE, SUBSTANTIAL FINANCIAL INTEREST, SUCH AS A VOTE BY YOU TO INCREASE THE RETIREMENT BENEFITS OF RETIRED MEMBERS OF THE TEACHERS' RETIREMENT SYSTEM WHO ARE NOW SERVING IN THE LEGISLATURE.
THIS OPINION TOOK THE POSITION THAT ONLY WHERE THE BILL IN QUESTION WAS DIRECTLY POINTED TOWARD MEMBERS OF THE LEGISLATURE WOULD THERE BE AN IMPERMISSIBLE SITUATION, AS CONTEMPLATED BY ARTICLE V, SECTION 24. IN THIS VEIN, ARTICLE V, SECTION 24 OF THE OKLAHOMA CONSTITUTION STATES:
"A MEMBER OF THE LEGISLATURE, WHO HAS A PERSONAL OR PRIVATE INTEREST IN ANY MEASURE OR BILL, PROPOSED OR PENDING BEFORE THE LEGISLATURE, SHALL DISCLOSE THE FACT TO THE HOUSE OF WHICH HE IS A MEMBER, AND SHALL NOT VOTE THEREON."
IN ATTORNEY GENERAL OPINION NO. 75-215, IT WAS OPINED THAT SUCH QUESTIONS ARE ULTIMATELY QUESTIONS OF FACT THAT MUST BE RESOLVED BY THE LEGISLATOR PERSONALLY, OR BY THE HOUSE IN WHICH HE SITS. IT MAY WELL BE THAT IN THE INTERESTS OF PUBLIC PERCEPTION OR PERSONAL CONSCIENCE THAT YOU MIGHT DESIRE TO PERSONALLY CHOOSE TO ABSTAIN FROM PARTICIPATING IN SUCH VOTES. HOWEVER, I CANNOT SAY TO YOU THAT SUCH AN ABSTENTION IS INHERENTLY REQUIRED BY CURRENT STATE LAW.
(MICHAEL SCOTT FERN)